IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ROY EDMOND HAYWORTH                                                          PLAINTIFF

v.                              Civil No. 4:18-cv-4149

LIEUTENANT MAXWELL,
Warden, SWACCC                                                                DEFENDANT

# ORDER

This is a civil rights action filed *pro se* by Plaintiff Roy Edmond Hayworth, under 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff filed this 42 U.S.C. § 1983 action on October 26, 2018, in the Eastern District of Arkansas. (ECF No. 2). On October 30, 2018, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 4). On October 31, 2018, the Court entered an order granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directing Plaintiff to file an Amended Complaint by November 21, 2018. (ECF No. 6). The order was mailed to Plaintiff at the address listed in his IFP application – Southwest Arkansas Community Corrections, 506 Walnut Street, Texarkana, Arkansas 71854. (ECF No. 1).

On November 13, 2018, the Court's October 31, 2018 order was returned as undeliverable. (ECF No. 9). That same day, the Clerk resent the order to the address listed in Plaintiff's Complaint, 12396 Cavewood Road, Rogers, Arkansas 72756. (ECF No. 2, p. 3). To date, the Court's resent order has not been returned as undeliverable and Plaintiff has not filed an Amended Complaint. More than thirty days have passed since the Court's order was mailed to Plaintiff, and he has not communicated with the Court in any way since this case was filed.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint against Defendant Lieutenant Maxwell (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of December, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge